IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYNQOR, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:11-CV-54 |
| § | |
| CISCO SYSTEMS, INC. and § | |
| VICOR CORPORATION, § | |
| § | |
| Defendants. § | |

## ORDER

Before the Court is the parties' Joint Motion for Entry of Docket Control Order and Discovery Order with Competing Provisions. Dkt. No. 147. The Court rules on the parties' disputes herein.

### I. DISCUSSION

**A. Party Depositions**

Plaintiff proposes a limit of 120 total hours per side for Rule 30(b)(1) depositions of opposing party employees and Rule 30(b)(6) depositions of opposing parties. Defendants propose that they be limited to 60 such hours as to Plaintiff and that Plaintiff be limited to 30 such hours as to each of the two Defendants.

The Court hereby **ORDERS** that each side be limited to a total of 100 hours for Rule 30(b)(1) depositions of opposing party employees and Rule 30(b)(6) depositions of opposing

parties. The Defendants shall share in this 100 hour limit. If Defendants are unable to agree on how to divide their 100 hours, then the hours shall be divided equally between them.

**B. Non-Party Depositions**

Plaintiff proposes that the Court set no limit on the number of hours for non-party depositions. Defendants propose a limit of 70 hours per side.

The Court hereby **ORDERS** that each side be limited to 100 hours for non-party depositions. The Defendants shall share in this 100 hour limit. If Defendants are unable to agree on how to divide their 100 hours, then the hours shall be divided equally between them.

**C. Schedule**

Plaintiff proposes that where the scheduling order lists both a specific date as well as a set number of days after the Court issues its Claim Construction Order, the deadline should be the *later* of the two dates to avoid the duplicative effort that might result if expert reports are prepared and served before the Court construes the claims. Dkt. No. 147-2 at 2 n.1. Defendants argue the deadline should be the *earlier* of the two dates because of "the importance of leaving adequate time to complete expert discovery and summary judgment proceedings sufficiently ahead of trial." *Id.*

The Court hereby **ORDERS** that the deadlines at issue shall be the *later* of the specified date or the set number of days after the Court issues its Claim Construction Order.

## II. CONCLUSION

The parties' Joint Motion for Entry of Docket Control Order and Discovery Order with Competing Provisions (Dkt. No. 147) is hereby **GRANTED AS MODIFIED**: the parties are hereby **ORDERED** to file a joint motion for entry of a discovery order and a scheduling order

that conform with the Court's rulings set forth in Section I., above, <u>within 14 days of this Order</u>.

**IT IS SO ORDERED.**

**SIGNED this 13th day of January, 2012.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE