**IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **SYNQOR, INC.** | § | |
| | § | |
| V. | § | No. 2:11CV54 |
| | § | |
| **CISCO SYSTEMS, INC. and VICOR** | § | |
| **CORPORATION** | § | |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. SynQor, Inc. ("Plaintiff") filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

## BACKGROUND

On January 28, 2011, Plaintiff filed this lawsuit against Defendants Ericsson, Inc., Cisco Systems, Inc., and Vicor Corp. ("Vicor"), alleging infringement of U.S. Patent Nos. 7,072,190 ("the '190 patent"); 7,272,021 ("the '021 patent"); 7,269,034 ("the '034 patent"); 7,558,083 ("the '083 patent); and 7,564,702("the '702 patent"). On October 4, 2011, Vicor filed its Answer and Counterclaims to Plaintiff's First Amended Complaint, asserting several counterclaims, including (1) a claim for Declaratory Relief Regarding Unenforceability of the '290 patent; (2) a claim under Massachusetts General Laws Chapter 93A; and (3) a claim for Tortious Interference With Prospective Business Advantage.

Plaintiff filed a motion to dismiss and a motion to strike Vicor's three above counterclaims.

According to Plaintiff, Vicor's inequitable conduct claim cannot satisfy the pleading standards imposed by the Federal Circuit Court of Appeals in *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009), nor does it include sufficient factual allegations to make a plausible case of but-for materiality under *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276 (Fed. Cir. 2011) (en banc). Plaintiff further argued that Vicor's state-law claims are preempted by federal patent law, and even if not preempted, the claims fail to allege facts tending to show violations of state law.

## REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On August 7, 2012, the Magistrate Judge issued a Report and Recommendation, recommending SynQor's motions be denied. Plaintiff filed objections to the Report and Recommendation, asserting Vicor has failed to state a claim for inequitable conduct. According to Plaintiff, to survive a motion to dismiss, Vicor must allege facts that plausibly suggest Plaintiff withheld invalidating information that was withheld from the PTO and withheld that information with a specific intent to deceive the PTO. Plaintiff takes issue with Vicor's allegations that despite Plaintiff's disclosure of the '207 reexamination, Plaintiff should have explained the relationship between the reexamined claims and the '290 patent and provided updates to the examiner regarding the status of the reexamination of the '190 patent. Plaintiff asserts nowhere in its pleading does Vicor explain how the examiner would have used the withheld information or why it is not cumulative under *Exergen*. Finally, in this regard, Plaintiff asserts Vicor's claim for lack of materiality fails as a matter of law. According to Plaintiff if "burying" a reference was ever a viable freestanding theory of inequitable conduct, as held by the Magistrate Judge, Plaintiff asserts it is not anymore after *Therasense*.

Regarding the Magistrate Judge's recommendation denying Plaintiff's motion to dismiss Vicor's state law claims, Plaintiff objects to the Report's preemption analysis. According to Plaintiff, prior litigation upholding the same patent forecloses a "sham litigation theory."

### *DE NOVO* REVIEW

The Court, having reviewed the relevant briefing, the Report and Recommendation, Plaintiff's objections, and Vicor's response to the objections, adopts the Report and Recommendation of the Magistrate Judge as the findings and conclusions of the Court. Although the issue is a close one, ultimately the Court agrees with the Magistrate Judge that Vicor has adequately pled an affirmative defense and counterclaim based on inequitable conduct, but it remains to be seen whether the inequitable conduct claim will survive a motion for summary judgment. Similarly, with regard to the presumption issue, the Court denies Plaintiff's motion to dismiss at this time, but invites Plaintiff to move for summary judgment on the preemption issue after completion of discovery. Accordingly, it is hereby

**ORDERED** that SynQor, Inc.'s Motion to Dismiss Defendant Vicor Corporation's Counterclaims (Dkt. No. 152) and SynQor, Inc.'s Motion to Strike Vicor Corporation's Inequitable Conduct Defense (Dkt. No. 153) are **DENIED.**

**It is SO ORDERED.**

**SIGNED this 11th day of September, 2012.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE