**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SYNQOR, INC.<br><br>                      Plaintiff,<br><br>   v.<br><br>ARTESYN TECHNOLOGIES, INC.,<br>ASTEC AMERICA, INC.,<br>BEL FUSE INC.,<br>CHEROKEE INTERNATIONAL CORP.,<br>DELTA ELECTRONICS, INC.,<br>DELTA PRODUCTS CORP.,<br>LINEAGE POWER CORP.,<br>MURATA ELEC. NORTH AMERICA, INC.,<br>MURATA MANUFACTURING CO., LTD.,<br>MURATA POWER SOLUTIONS INC., and<br>POWER-ONE, INC.<br><br>                      Defendants. | Civ. A. No. 2:07-cv-497-MHS<br>Civ. A. No. 2:11-cv-444-MHS-CMC |
| SYNQOR, INC.<br><br>                      Plaintiff,<br><br>   v.<br><br>CISCO SYSTEMS, INC. AND<br>VICOR CORPORATION.<br><br>                      Defendants. | Civ. A. No. 2:11-cv-54-MHS-CMC<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF CONSENT REGARDING THE PRODUCTION AND USE OF DOCUMENTS

The parties file this Notice of Consent Regarding the Production and Use of Documents

to memorialize their agreement regarding the production and use of certain documents from Civ.

1

A. No. 2:07-cv-497-DF (E.D. Tex.) ("'497 case") and Civ. A. No. 2:11-cv-444-MHS-CMC (E.D. Tex.) ("'444 case") in Civ. A. No. 2:11-cv-54-MHS-CMC (E.D. Tex.) ("'54 case") and the production and use of certain documents from the '54 case in the '497/'444 case. Specifically, the parties have agreed that, once the '497/'444 protective order is modified as they have agreed ("Agreed '497 Protective Order Modifications"), the following categories of documents (hereinafter "'497/'444 Core Documents") may be produced and used in the '54 case:[1]

1. all court filings and attachments from the '497/'444 case, including those filed under seal;

2. all deposition transcripts and exhibits from the '497/'444 case;

3. all expert reports from the '497/'444 case;

4. all discovery responses from the '497/'444 case; and

5. all of plaintiff's and defendants' listed trial exhibits in the '497/'444 case, regardless of whether introduced, except for those trial exhibits that were originally produced by Alcatel-Lucent or Huawei.

SynQor will produce all '497/'444 Core Documents to the other parties in the '54 case electronically, and will designate all such materials "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," regardless of how they were originally designated, by renaming the electronic files to append "CONFIDENTIAL – OUTSIDE AEO" to the beginning of each filename. The parties in the '54 case agree that they will treat all such documents according to Paragraph 8 of the '497/'444 protective order ('497 Dkt. 255). Notwithstanding the foregoing, prior to production, SynQor has agreed to run a search for any documents originally produced by Alcatel-Lucent that may be included in the above categories and any such documents found will be removed from the scope of the '497/'444 Core Documents.

---

[1] SynQor has notified the third parties that produced documents in the '497/'444 case of the production of Core Documents reflected in this Notice, and the '54 Parties have resolved any issues raised by those '497/'444 third parties.

The Agreed '497 Protective Order Modifications consist of inserting the following paragraphs in the Court's Protective Order ('497 Dkt. 255):

24. Notwithstanding any other provision of this Order, outside counsel for the parties to Civil Action No. 2:11-cv-54 (E.D. Texas) ("the '54 case") may, subject to the restrictions of paragraph 25, have access to and use of the following categories of Protected Materials from this litigation in the '54 case, all of which will be produced by SynQor to the other parties in the '54 case electronically, and will be designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," regardless of how they were originally designated, by renaming the electronic files to append "CONFIDENTIAL – OUTSIDE AEO" to the beginning of each filename: (a) all court filings and attachments, including those filed under seal; (b) all deposition transcripts and exhibits; (c) all expert reports; (d) all discovery responses; and (e) all of plaintiff and defendants' listed trial exhibits, regardless of whether introduced, except for (1) those trial exhibits that were originally produced by Alcatel-Lucent or Huawei, and (2) any document originally produced by Alcatel-Lucent in categories (a)-(e) that is identified by a reasonable search.

25. Use of the categories of Protected Materials described in Paragraph 24 in the '54 case shall be governed by the following restrictions:

   (a) Outside counsel for the parties in the '54 case, on behalf of their respective firms, must sign the "ACKNOWLEDGEMENT TO BE BOUND BY PROTECTIVE ORDER" attached hereto and provide a copy to outside counsel for all parties in the '497 case prior to receiving any of the aforementioned categories of Protected Materials. Outside counsel for the parties in the '54 case must also comply with Paragraph 10 for any outside consultants or experts before providing any Protected Materials to them.
   (b) Outside counsel for the parties in the '54 case receiving any of the aforementioned categories of Protected Materials may use those materials in the '54 litigation, subject to the provisions of this Order. For purposes of this paragraph, use of the term "this litigation" in paragraphs 1-23 of this Order shall be understood to include the '54 litigation."
   (c) For the purposes of Paragraph 25, documents designated as "CONFIDENTIAL – OPPOSING PARTY'S OUTSIDE ATTORNEYS' EYES ONLY" pursuant to Paragraph 7 or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" pursuant to Paragraph 8 or Paragraph 24 shall be treated as though designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" and governed by the restrictions of Paragraph 8 of this Order.

The parties also have agreed that, if discovery in either of the '497/'444 cases is re-opened by the Court and if the '54 protective order is modified as they have agreed ("Agreed '54

Protective Order Modifications"), the following categories of documents (hereinafter "'54 Core Documents") may thereafter be produced and used in the '497/'444 case:

1. all court filings and attachments from the '54 case, including those filed under seal;

2. all deposition transcripts and exhibits from the '54 case;

3. all expert reports from the '54 case;

4. all discovery responses from the '54 case; and

5. all of plaintiff's and defendants' listed trial exhibits in the '54 case, regardless of whether introduced.

This agreement does not waive any '497/'444 defendants' evidentiary objections to use of the '54 Core Documents in the '497/'444 case. The Agreed '54 Protective Order Modifications consist of inserting the following paragraphs in the Court's Protective Order ('54 Dkt. 204):

> 29. Notwithstanding any other provision of this Order, outside counsel for the parties to Civil Action No. 2:07-cv-497 (E.D. Texas) ("the '497 case") and Civil Action No. 2:11-cv-444 (E.D. Texas) ("the '444 case") may, subject to the restrictions of paragraph 30, have access to and use of the following categories of Protected Materials from this litigation in the '497 case and/or '444 case: (a) all court filings and attachments, including those filed under seal; (b) all deposition transcripts and exhibits; (c) all expert reports; (d) all discovery responses; and (e) all of plaintiff and defendants' listed trial exhibits, regardless of whether introduced.
>
> 30. Use of the categories of Protected Materials described in Paragraph 29 in the '497 case and/or '444 case shall be governed by the following restrictions:
>
>> (d) Outside counsel for the parties in the '497 case or '444 case, on behalf of their respective firms, must sign the "ACKNOWLEDGEMENT TO BE BOUND BY PROTECTIVE ORDER" attached hereto and provide a copy to outside counsel for all parties in the '54 case prior to receiving any of the aforementioned categories of Protected Materials. Outside counsel for the parties in the '497 case or '444 case must also comply with Paragraph 5(c) for any outside consultants or experts before providing any Protected Materials to them.
>> (e) Outside counsel for the parties in the '497 case or '444 case receiving any of the aforementioned categories of Protected Materials may use those materials in the '497 case and/or '444 case litigation, subject to the provisions of this Order. For purposes of this paragraph, use of the term "this litigation" in paragraphs 1-23 of this Order shall be understood to include the '497 case or '444 case litigation."

Additionally, the parties to the '54 case (SynQor, Cisco, and Vicor) agree that, for any documents Cray or Intel originally produced that are included in the '497/'444 Core Documents, Cray or Intel, respectively, will be treated as the "producing Party" under ¶¶5(b) and (c) of the '54 protective order. That is, such documents may only be shown to witnesses or deponents who are current employees of Cray or Intel, as appropriate (¶5(b)), and Cray or Intel will be given notice and an opportunity to object (as set forth in ¶5(c)) before documents reflecting or including its confidential information are shared with an outside consultant or expert. SynQor's experts that were previously cleared to have access to these materials in the '497/'444 case (Dr. Steve Leeb, Dr. James Dickens, Mr. Brett Reed, and Mr. Larry Nixon) may continue to have access to these materials notwithstanding this agreement.

    If a party intends to use any confidential information originally produced by Alcatel-Lucent at trial, such party will provide written notice to Alcatel-Lucent of its intent to do so. Such notice must be served no later than the filing of the Final Pretrial Order and must specifically identify the information originally produced by Alcatel-Lucent that the party intends to rely upon at trial. Within 5 business days of receipt of such notice, Alcatel-Lucent may move the Court to exclude and/or maintain the confidentiality of such information.

    To facilitate the production and use of '497/'444 Core Documents in the '54 case and to avoid the burden to the parties of recreating this information, SynQor has agreed to collect and produce '497/'444 Core Documents from its files to counsel for the defendants in the '54 case once the Agreed '497 Protective Order Modifications have been entered in the '497/'444 case. The parties to the '54 case (SynQor, Cisco, and Vicor) agree to split the cost of the production proportionately (i.e. SynQor pays 1/3, Cisco pays 1/3, and Vicor pays 1/3). Once production is completed, and on an ongoing basis thereafter to the extent any subsequent '497/'444 Core

Documents are created, SynQor will provide Cisco and Vicor with an accounting of the costs incurred in the production. Thereafter, Cisco and Vicor will have 21 days to file objections with the Court regarding their portion of the costs or to remit payment to SynQor's counsel at Sidley Austin.

Similarly, to facilitate the production and use of '54 Core Documents in the '497/'444 case and to avoid the burden to the parties of recreating this information, SynQor has agreed to collect and produce '54 Core Documents from its files to counsel for the defendants in the '497/'444 case once the Agreed '54 Protective Order Modifications have been entered in the '54 case and discovery is reopened in either of the '497 case or '444 case. The parties currently involved in the '497/'444 case (SynQor, Artesyn/Astec, Bel Fuse, Murata, and Power-One) agree to split the reasonable cost of the production proportionately (i.e. SynQor pays 1/5, Artesyn/Astec pays 1/5, Bel Fuse pays 1/5, Murata pays 1/5, and Power-One pays 1/5).[2] Once production is completed, and on an ongoing basis thereafter to the extent any subsequent '54 Core Documents are created, SynQor will provide Artesyn/Astec, Bel Fuse, Murata, and Power-One with an accounting of the costs incurred in the production. Thereafter, Artesyn/Astec, Bel Fuse, Murata, and Power-One will have 21 days to file objections with the Court regarding their portion of the costs or to remit payment to SynQor's counsel at Sidley Austin.[3]

SynQor agrees that in producing '497/'444 or '54 Core Documents to the defendants it will clearly mark the deposition exhibits with an appropriate designation indicating the

---

[2] To the extent discovery in either of the '497/'444 cases is re-opened by the Court and Delta is a party, Delta may receive '54 Core Documents conditioned on paying its proportionate share like the other parties.

[3] To the extent discovery in either of the '497/'444 cases is re-opened by the Court and Delta is a party, Delta will likewise have 21 days to file objections with the Court regarding its portion of the costs or to remit payment to SynQor's counsel at Sidley Austin.

applicability to them of the Agreed '497 Protective Order Modifications or Agreed '54 Protective Order Modifications, as appropriate.

Furthermore, all parties have agreed as follows:

1. No party to this agreement shall argue that the production of documents in the categories outlined above are a violation of the protective order in the '497/'444 case or the protective order in the '54 case.

2. The return or destruction of documents that are produced in the '54 case will be governed by the protective order in that case after their production. Likewise, the return or destruction of documents that are produced in the '497/'444 case will be governed by the protective order in that case after their production.

Additionally, the defendants agree that:

1. The '54 Defendants and the '497/'444 Defendants do not object to continued access in the '54 case or the '497/'444 case to the categories of documents outlined above by SynQor's experts that were previously cleared under the '497/'444 and '54 protective order. Specifically, defendants agree that Dr. Steve Leeb, Dr. James Dickens and Mr. Brett Reed, may continue to have access to these documents in the '497/'444 case and '54 case.

2. The '54 Defendants and the '497/'444 Defendants will not object or argue spoliation if SynQor returns or destroys the documents (other than those in the categories outlined above) of now-dismissed defendants Lineage Power and Cherokee International.

3. The '54 Defendants will not object or argue spoliation if SynQor returns or destroys the documents (other than those in the categories outlined above) of the '497/'444 Defendants as called for by the '497/'444 Protective Order at the conclusion of that case. Likewise, the '497/'444 Defendants will not object or argue spoliation if SynQor returns or destroys the documents (other than those in the categories outlined above) of the '54 Defendants as called for by the '54 Protective Order at the conclusion of that case or the '497 case, whichever is later.

										Respectfully submitted,

Dated:  September 13, 2013				/s/Thomas D. Rein
										**Thomas D. Rein** (*admitted pro hac vice*)
										Lead Attorney
										trein@sidley.com
										**Stephanie P. Koh** (*admitted pro hac vice*)
										skoh@sidley.com
										**Bryan C. Mulder**  (*admitted pro hac vice*)
										bmulder@sidley.com
										SIDLEY AUSTIN LLP
										One South Dearborn
										Chicago, IL 60603
										Telephone:	312.853.7000
										Facsimile:	312.853.7036

										**Michael D. Hatcher**
										Texas State Bar No. 24027067
										mhatcher@sidley.com
										**David T. DeZern**
										Texas State Bar No. 24059677
										ddezern@sidley.com
										SIDLEY AUSTIN LLP
										717 North Harwood, Suite 3400
										Dallas, TX 75201
										Telephone:	214.981.3300
										Facsimile:	214.981.3400

										**ATTORNEYS FOR PLAINTIFF SYNQOR, INC.**

By: */s/ Lawrence K. Kolodney*
Robert E. Hillman (*pro hac vice*)
hillman@fr.com
Lawrence K. Kolodney (*pro hac vice*)
kolodney@fr.com
**FISH & RICHARDSON P.C.**
One Marina Park Drive
Boston, MA 02210-1878
Telephone: 617-542-5070
Facsimile: 617-542-8906

Stephen A. Marshall (*pro hac vice*)
smarshall@fr.com
**FISH & RICHARDSON P.C.**
1425 K Street NW
Washington, DC 20005
Telephone: 202-783-5070
Fax: 202-783-2331

David A. Gerasimow (*pro hac vice*)
gerasimow@fr.com
**FISH & RICHARDSON P.C.**
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: 612-335-5070
Fax: 612-288-9696

Eric H. Findlay, Texas Bar No. 00789886
efindlay@findlaycraft.com
**FINDLAY CRAFT, LLP**
6760 Old Jacksonville Highway, Suite 101
Tyler, TX 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

Attorneys for Defendant
Vicor Corporation

By: /s/ *Kurt M. Pankratz*
   Douglas M. Kubehl
     Texas Bar No. 00796909
     Email: doug.kubehl@bakerbotts.com
   Kurt M. Pankratz
     Texas Bar No. 24013291
     Email: kurt.pankratz@bakerbotts.com
**BAKER BOTTS, L.L.P.**
2001 Ross Avenue
Dallas, Texas 75201-2980
Telephone: (214) 953-6584
Facsimile: (214) 953-4584

William F. Lee
   Admitted *pro hac vice*
   Email: william.lee@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

**ATTORNEYS FOR DEFENDANT CISCO SYSTEMS, INC.**

      */s/ Albert B. Deaver, Jr.)*
      Albert B. Deaver, Jr.
      Texas State Bar No. 05703800
      *Lead Attorney*
      Robert J. McAughan, Jr.
      Texas State Bar No. 00786096
      Jeffrey A. Andrews
      Texas State Bar No. 24050227
      SUTTON MCAUGHAN DEAVER PLLC
      Three Riverway, Suite 900
      Houston, Texas 77056
      Telephone: 713-800-5700
      Facsimile: 713-800-5699
      adeaver@smd-iplaw.com

      Jennifer Parker Ainsworth
      Texas State Bar No. 00784720
      WILSON, ROBERTSON & CORNELIUS, PC
      One American Center
      909 ESE Loop 323, Suite 400
      Tyler, Texas 75701
      Telephone: 903-509-5000
      Facsimile: 903-509-5091
      jainsworth@wilsonlawfirm.com

Counsel for Defendants ARTESYN TECHNOLOGIES, INC. AND ASTEC AMERICA, INC.

      */s/ Steven N. Williams*
      Steven N. Williams
      swilliams@mcdolewilliams.com
      Texas State Bar No. 21577625
      Kenneth P. Kula
      kkula@mcdolewilliams.com
      Texas State Bar No. 24004749
      Kristen E. Knauf
      kknauf@mcdolewilliams.com
      Texas State Bar No. 24076486
      William Z. Duffy
      zduffy@mcdolewilliams.com
      Texas State Bar No. 24059697
      MCDOLE &WILLIAMS, PC
      1700 Pacific Avenue, Suite 1280
      Dallas, Texas 75201
      Telephone: 214-979-1122
      Facsimile: 214-979-1123

Counsel for Defendant BEL FUSE, INC.

*/s/ Kevin Su*

Steven R. Katz, BBO#642732
Whitney A. Fellberg, BBO#663599
Kevin K. Su, BBO#663726
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
617-542-5070 (Telephone)
617-542-8906 (Facsimile)

E. Glenn Thames, Jr.
State Bar No. 00785097
glennthames@potterminton.com
Michael E. Jones
State Bar No. 10929400
Mikejones@potterminton.com
POTTER MINTON
A Professional Corporation
500 Plaza Tower
110 North College Avenue
Tyler, TX 75702
(903) 597-8311 (Telephone)
(903) 593-0846 (Facsimile)

Counsel for Defendants
DELTA ELECTRONICS, INC. and DELTA
PRODUCTS CORP.

*/s/ Steven C. Steinberg*

Richard C. Vasquez
RVasquez@vbllaw.com
Jeffrey T. Lindgren
JLindgren@vbllaw.com
Eric W. Benisek
EBenisek@vbllaw.com
Stephen C. Steinberg
SSteinberg@vbllaw.com
VASQUEZ BENISEK & LINDGREN LLP
3685 Mt. Diablo Blvd., Suite 300
Lafayette, CA 94549
Telephone: (925) 627-4250
Facsimile: (925) 403-0900

William Cornelius
State Bar No. 04834700
wc@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
One American Center
909 ESE Loop 323, Suite 400
Tyler, TX 75701
Tel: 903-509-5000
Fax: 903-509-5091

Counsel for Defendants
CHEROKEE INTERNATIONAL CORP. and
LINEAGE POWER CORPORATION

*/s/ Sarah K. Tsou*
Steven C. Cherny (pro hac vice)
steven.cherny@kirkland.com
Sarah K. Tsou (pro hac vice)
sarah.tsou@kirkland.com
Simeon G. Papacostas (pro hac vice)
simeon.papacostas@kirkland.com
Diwei Zhang (pro hac vice)
diwei.zhang@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-6460

Eric R. Lamison (pro hac vice)
eric.lamison@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94101
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

John C. O'Quinn (pro hac vice)
john.oquinn@kirkland.com
Jason M. Wilcox (pro hac vice)
jason.wilcox@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793

Telephone: (202) 879-5000
Facsimile: (202) 879-5200

E. Glenn Thames, Jr.
State Bar No. 00785097
glennthames@potterminton.com
POTTER MINTON, PC
110 N. College Avenue, Suite 500
Tyler, TX 75702
(903) 597-8311 (Telephone)
(903) 593-0846 (Facsimile)

Counsel for Defendants MURATA ELECTRONICS NORTH AMERICA, INC., MURATA MANUFACTURING CO., LTD., and MURATA POWER SOLUTIONS, INC.

*/s/ Susan Roeder*
Kenneth L. Nissly
California Bar No. 77589
knissly@omm.com
Susan Roeder
California Bar No. 160897
sroeder@omm.com
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, California 94025
Telephone: (650) 473-2674
Facsimile: (650) 473-2601

Brian Berliner
bberliner@omm.com
California Bar No. 156732
Ryan K. Yagura
Texas State Bar No. 24075933
California Bar No. 197619
ryagura@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
213-430-7424 (Telephone)
213-430-6407 (Facsimile)

E. Glenn Thames, Jr.
State Bar No. 00785097
glennthames@potterminton.com
POTTER MINTON, PC

                                                                110 N. College Avenue, Suite 500
                                                                Tyler, TX 75702
                                                                (903) 597-8311 (Telephone)
                                                                (903) 593-0846 (Facsimile)

                                                                Counsel for Defendant POWER-ONE, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 13, 2013.

                                                  */s/ David T. DeZern*
                                                  David T. DeZern