# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYNQOR, INC., § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 2:11-CV-54-DF |
| v. § | |
| § | JURY TRIAL DEMANDED |
| CISCO SYSTEMS, INC., § | |
| and VICOR CORPORATION § | |
| § | |
| Defendants. § | |
| § | |

# DEFENDANT CISCO SYSTEMS, INC.'S SUPPLEMENTAL INVALIDITY CONTENTIONS

Pursuant to Patent Rule 3-3, Defendant Cisco Systems, Inc. ("Cisco") hereby provides its Supplemental Invalidity Contentions in response to Plaintiff SynQor Inc.'s ("SynQor") Second Supplemental Infringement Contentions and Third Supplemental Infringement Contentions. Plaintiff SynQor has asserted the following claims of U.S. Patent Nos. 7,072,190 ("the '190 Patent"), 7,272,021 ("the '021 Patent"), 7,558,083 ("the '083 Patent"), 7,564,702 ("the '702 Patent"), and 8,023,290 ("the '290 Patent") (collectively the "Patents-in-suit") against Cisco.

| Patent | Claims asserted against Cisco |
|---|---|
| 7,072,190 | 1-7, 9-11, 13-16, 18-21, 23-26, and 30-32. |
| 7,272,021 | 1, 9, 15, 21-27, 29-31, 39, 45, and 47 |
| 7,558,083 | 1, 8, 13-16, 18, 20-21, and 39 |
| 7,564,702 | 1-3, 12-20, 23, 26, 28-30, 39-47, 50, 53, 55-56, 64, 67, 69-76, 78, 80-82, 84-86, and 88-89 |
| 8,023,290 | 1-2, 4-15 |

The Court has not yet construed any claim of the Patents-in-suit. Cisco's Supplemental Invalidity Contentions are based, at least in part, or its present understanding of the overly broad claim constructions SynQor appears to be asserting—based on SynQor's Second Supplemental Infringement Contentions and Third Supplemental Infringement Contentions—whether or not Cisco agrees with such claim constructions. Accordingly, Cisco's Supplemental Invalidity Contentions are subject to modification, amendment, and/or supplementation in accordance with P.R. 3-6 and 3-7 after the Court issues its claim construction rulings. Furthermore, despite numerous requests for relevant documents from Civil Action 2:07-cv-497 (the "'497 case"), including but not limited to court filings, deposition transcripts and exhibits, expert reports, discovery responses, and trial exhibits, and requests for samples, SynQor has yet to produce such materials. Cisco reserves the right to modify, amend, and/or supplement its Invalidity Contentions and Supplemental Invalidity Contentions in accordance with P.R. 3-6 and 3-7 after receiving such materials.

Cisco hereby incorporates by reference its Invalidity Contentions of February 3, 2012 (the "Original Infringement Contentions"), including the exhibits attached thereto. Cisco also hereby incorporates by reference Vicor's Invalidity Contentions served December 22, 2011. Furthermore, Cisco hereby identifies and incorporates by reference the following requests for reexamination as though set forth in their entirety herein, and discloses the invalidity theories (based on anticipation and obviousness) identified in those requests:

- Request for Inter Partes Re-examination of U.S. Patent No. 7,272,021 under 35 U.S.C. §§ 311-318 and 37 C.F.R. § 1.902 *et seq.* dated July 14, 2009 and assigned U.S. Patent & Trademark Office re-examination control number 95/001,206 (attached as Exhibit B1);

- Revised Request for Inter Partes Re-examination of U.S. Patent No. 7,072,190 under 35 U.S.C. §§ 311-318 and 37 C.F.R. § 1.902 *et seq.* dated August 19, 2009 and assigned U.S. Patent & Trademark Office re-examination control number 95/001,207 (attached as Exhibit B2);

- Request for Inter Partes Re-examination of U.S. Patent No. 7,564,702 under 35 U.S.C. §§ 311-318 and 37 C.F.R. § 1.902 *et seq.* dated July 23, 2010 and assigned U.S. Patent & Trademark Office re-examination control number 95/001,406 (attached as Exhibit B3);

- Request for Inter Partes Re-examination of U.S. Patent No. 7,272,021 under 35 U.S.C. §§ 311-318 and 37 C.F.R. § 1.902 *et seq.* dated May 31, 2011 and assigned U.S. Patent & Trademark Office re-examination control number 95/001,637 (attached as Exhibit B4);

- Corrected Request for Inter Partes Re-examination of U.S. Patent No. 7,072,190 under 35 U.S.C. §§ 311-318 and 37 C.F.R. § 1.902 *et seq.* dated September 8, 2011 and assigned U.S. Patent & Trademark Office re-examination control number 95/001,207 (attached as Exhibit B5);

- Request for Inter Partes Re-examination of U.S. Patent No. 7,564,702 under 35 U.S.C. §§ 311-318 and 37 C.F.R. § 1.902 *et seq.* dated December 14, 2011 and assigned U.S. Patent & Trademark Office re-examination control number 95/001,853 (attached as Exhibit B6);

- Request for Inter Partes Re-examination of U.S. Patent No. 8,023,290 under 35 U.S.C. §§ 311-318 and 37 C.F.R. § 1.902 *et seq.* dated December 21, 2011 and assigned U.S. Patent & Trademark Office re-examination control number 95/001,861 (attached as Exhibit B7);

- Request for Inter Partes Re-examination of U.S. Patent No. 7,558,083 under 35 U.S.C. §§ 311-318 and 37 C.F.R. § 1.902 *et seq.* dated July 23, 2010 and assigned U.S. Patent & Trademark Office re-examination control number 95/001,405 (attached as Exhibit B8); and

- Request for Inter Partes Re-examination of U.S. Patent No. 7,269,034 under 35 U.S.C. §§ 311-318 and 37 C.F.R. § 1.902 *et seq.* dated November 16, 2010 and assigned U.S. Patent & Trademark Office re-examination control number 95/001,491 (attached as Exhibit B9).

- Request for Inter Partes Re-examination of U.S. Patent No. 7,269,034 under 35 U.S.C. §§ 311-318 and 37 C.F.R. § 1.902 *et seq.* dated February 27, 2012 and assigned U.S. Patent & Trademark Office re-examination control number 95/001,904 (attached as Exhibit B10).

For each of the above, Cisco expressly includes and relies upon all prior art references, claim charts, obviousness combinations, and any other argument set forth within the request. Furthermore, Cisco hereby incorporates by reference any and all invalidity contentions served by any of the defendants in the '497 and the '444 cases. Furthermore, Cisco hereby incorporates by reference any and all invalidity contentions set forth in the briefing in this and the '497 case, including any exhibits and attachments, including briefing for Vicor's Response to SynQor's

Motion for Preliminary Injunction (Dkt No. 56), Vicor's Sur-Reply to SynQor's Motion for Preliminary Injunction (Dkt No. 68), Cisco's Response to SynQor's Motion for Preliminary Injunction (Dkt. No. 87), Vicor's Sur-Sur-Sur-Reply to SynQor's Motion for Preliminary Injunction (Dkt No. 95), and Cisco's Sur-Reply to SynQor's Motion for Preliminary Injunction (Dkt No. 106). Furthermore, Cisco hereby incorporates by reference any invalidity contentions set forth in Cicso's Responses to SynQor's First Set of Interrogatories and Vicor's Responses to SynQor's First Set of Interrogatories.

Moreover, based on SynQor's accusations in its Second Supplemental Invalidity Contentions and Third Supplemental Invalidity Contentions, in which it accuses regulated converters of being non-regulated, Cisco contends that all of the converters shown in the prior art cited in the Original Infringement Contentions and in the supplemental charts here qualify as "non-regulated" converters that are "non-regulating," provide "non-regulated output" and operate "without regulation" under SynQor's apparent reading of its patents. Thus, to the extent that any prior art reference or combination of references was previously presented (or could have been argued) as not expressly showing the non-regulated aspects of the asserted claims, Cisco hereby contends that under SynQor's interpretation of its claims, those prior art references do expressly show the non-regulated aspects of the asserted claims. Again, this contention is made based on, and without agreeing to, the apparent positions taken by SynQor in its new infringement contentions.

Cisco's investigation regarding invalidity of the Patents-in-suit over prior art and regarding other grounds of invalidity, including those based on public use or on-sale bar under 35 U.S.C. § 102(b), first-to-invent under 35 U.S.C. § 102(g), and failure to comply with 35 U.S.C. § 112, is ongoing. Accordingly, Cisco specifically reserves the right to modify, amend,

or supplement these disclosures in accordance with P.R. 3-7 as additional information becomes available and as discovery and investigation proceed.

Dated: May 17, 2013                    Respectfully submitted,

                                                  By: /s/ *Kurt M. Pankratz*
                                                        Douglas M. Kubehl
                                                           Texas Bar No. 00796909
                                                           Email: doug.kubehl@bakerbotts.com
                                                         Kurt M. Pankratz
                                                           Texas Bar No. 24013291
                                                           Email: kurt.pankratz@bakerbotts.com
                                                      **BAKER BOTTS, L.L.P.**
                                                       2001 Ross Avenue
                                                       Dallas, Texas 75201
                                                      Telephone:  (214) 953-6500
                                                      Facsimile:  (214) 953-6503

                                                     William F. Lee
                                                       Admitted *pro hac vice*
                                                       Email: william.lee@wilmerhale.com
                                                     **WILMER CUTLER PICKERING**
                                                     **HALE AND DORR LLP**
                                                     60 State Street
                                                     Boston, Massachusetts  02109
                                                     Telephone:  (617) 526-6000
                                                     Facsimile:  (617) 526-5000

                                                   **ATTORNEYS FOR DEFENDANT CISCO SYSTEMS, INC.**

## CERTIFICATE OF SERVICE

    I certify that on May 17, 2013, a copy of the foregoing document was served on all counsel of record via electronic mail.

                                                      */s/ Kurt M. Pankratz*
                                                      Kurt M. Pankratz