# EXHIBIT B

```
 1                  UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF TEXAS
 2                        MARSHALL DIVISION

 3
    SYNQOR, INC.                    :    DOCKET NO. 2:11CV54
 4                                  :
    VS.                             :    TEXARKANA, TEXAS
 5                                  :    DECEMBER 17, 2013
    CISCO SYSTEMS, INC., ET AL      :    9:00 A.M.
 6
                     CLAIM CONSTRUCTION HEARING
 7            BEFORE THE HONORABLE CAROLINE M. CRAVEN,
                UNITED STATES MAGISTRATE JUDGE
 8
    APPEARANCES:
 9
    FOR THE PLAINTIFF:         MR. HARRY LEE GILLAM, JR.
10                             GILLAM & SMITH
                               303 S. WASHINGTON
11                             MARSHALL, TX   75670

12                             MR. MICHAEL DAVID HATCHER
                               SIDLEY AUSTIN
13                             717 N. HARWOOD, SUITE 3400
                               DALLAS, TX   75201
14
                               MR. RUSSELL E. CASS
15                             MR. THOMAS D. REIN
                               SIDLEY AUSTIN
16                             ONE SOUTH DEARBORN STREET
                               CHICAGO, IL   60603
17

18  FOR CISCO:                 MR. ALLEN GARDNER
                               POTTER MINTON
19                             110 N. COLLEGE, SUITE 500
                               TYLER, TX   75702
20
                               MR. LOUIS W. TOMPROS
21                             WILMER CUTLER
                               60 STATE STREET
22                             BOSTON, MA   02109

23                             MR. ANDREA PACELLI
                               WILMER CUTLER
24                             7 WORLD TRADE CENTER
                               NEW YORK, NY   10007
25
```

```
 1                              MS. RACHEL L. WEINER
                                WILMER CUTLER
 2                              1875 PENNSYLVANIA AVE, NW
                                WASHINGTON, DC  20006
 3
                                MR. KURT PANKRATZ
 4                              BAKER BOTTS
                                2001 ROSS, SUITE 600
 5                              DALLAS, TX  75201

 6

 7   FOR VICOR:                 MR. BRIAN CRAFT
                                FINDLAY CRAFT
 8                              6760 OLD JACKSONVILLE
                                SUITE 101
 9                              TYLER, TX  75703

10                              MR. DAVID AARON NELSON
                                QUINN EMANUEL
11                              500 W. MADISON, SUITE 2450
                                CHICAGO, IL  60661
12
                                MR. CHARLES K. VERHOEVEN
13                              MS. LINDA JANE BREWER
                                MS. KATHY PENG
14                              QUINN EMANUEL
                                50 CALIFORNIA STREET
15                              22ND FLOOR
                                SAN FRANCISCO, CA  94111
16
                                MR. LAWRENCE K. KOLODNEY
17                              FISH & RICHARDSON
                                ONE MARINA PARK DRIVE
18                              BOSTON, MA  02210

19

20   COURT REPORTER:            MS. JAN MASON
                                OFFICIAL REPORTER
21                              221 W. FERGUSON #100
                                TYLER, TEXAS  75702
22

23

24   PROCEEDINGS REPORTED BY MECHANICAL STENOGRAPHY, TRANSCRIPT

25   PRODUCED BY COMPUTER-AIDED TRANSCRIPTION.
```

1  case.

2      These Defendants do argue that something to the
3  contrary is required and that this term does require
4  construction.

5      It was not Judge Ward agreeing, in the face of a
6  dispute, that no construction was necessary.  It was him
7  simply acknowledging that there was no -- that Defendants
8  had not pointed to a need for it.  There is a need for it.

9      Now, here are the two proposals.  SynQor says no
10 construction is required.  The Defendants' proposal is a
11 control circuit which controls the duty cycle is a control
12 circuit that maintains the duty cycle of the primary winding
13 circuit.

14     Mr. Hatcher says -- this is in just the '021 patent,
15 just one of the patents.  Mr. Hatcher says we're trying to
16 require a fixed duty cycle in those claims, a controlled
17 circuit which controls the duty cycle.

18     He's right.  He's exactly right that we think that
19 those claims do require exactly what they claim, which is a
20 control circuit which controls the duty cycle, correctly
21 interpreted meaning a control circuit which maintains the
22 duty cycle.

23     And he is correct that in those claims that is -- that
24 is the same as, same idea as what is claimed in other claims
25 as a fixed duty cycle.  It is, as the Federal Circuit has

1  repeatedly held, entirely appropriate for different claims
2  to use different terms to claim similar concepts.  And he is
3  correct that that is precisely what we think this term is
4  doing when Dr. Schlecht used it here.
5       And what the dispute really is is not about whether or
6  not we're trying to read a limitation into the claim or not.
7  The dispute is about what the word control means.  Control
8  has multiple different plain and ordinary meanings,
9  depending on its context.  It is not a word that you can
10 just read and say, oh, I know every possible connotation of
11 what the word control means.
12      One of the ways that people very often use control, and
13 we submit the way that it's used here, is to maintain.  So,
14 for example, in your car you have a cruise control that
15 controls the speed.  You set it at a level, 70 miles per
16 hour, and it stays right there at 70 miles per hour.
17 Control by maintaining.
18      There is another concept of control that we agree is
19 also an ordinary meaning that would allow for increasing or
20 reducing.  So the volume knob on your car radio can increase
21 or reduce the volume and it controls it in that way.
22      The issue is not whether one of these things is the
23 plain and ordinary meaning and the other is not.  The issue
24 is which of these meanings of control is meant in the
25 context of the patent.  Here is where the dependent claims

1  do shed some light.

2  　　And I disagree with Mr. Hatcher that there's a logical
3  problem.  I want to explain how this works.  It is not a
4  broad, independent claim of control with a narrowing
5  dependent claim of reducing.  It's different than that, and
6  it's important to understand how the language of these
7  claims works.

8  　　What the claims of the '021 patent uniquely among these
9  patents do is distinguishes between two different modes of
10 operation.  There's a normal mode of operation, and that's
11 what's described in Claim 1 of the '021 patent and some
12 others, and then there's what the patent calls an other than
13 normal mode of operation, other than normal operation, two
14 different modes.

15 　　In the normal operation mode, which is what Claim 1 is
16 about, there is a control circuit which controls the duty
17 cycle.  It is only in the other than normal mode of
18 operation that the duty cycle is ever allowed to be reduced.
19 The claims make this clear.  The specification makes this
20 clear.  Where you're in normal operation, you control.
21 Where you're in other than normal operation, then and only
22 then you reduce.

23 　　Same thing happens in Claim 47.  Means for controlling
24 the duty cycle is during normal operation.  Claim 48, in
25 other than normal operation there's a means for reducing the

1  That's other than normal operation.  It happens again in the
2  specification repeatedly.  In other than normal operation,
3  the duty cycle may be reduced.  The duty cycle may be
4  reduced during start-up or to limit current.
5       When there's a big problem or when you're in start-up
6  or shut-down, you're in other than normal, then you reduce.
7  Otherwise, you control.  And that's the gist of the argument
8  here.  Control must be the kind of control like a cruise
9  control, meaning maintain, because control always comes with
10 normal operation and reduce is only described and only
11 allowed in other than normal operation.
12      If control were as broad as SynQor claims it is to
13 allow increase or reduce, this distinction would be
14 completely lost and these claims would start to make no
15 sense.
16      Control must have the other meaning of control, meaning
17 keeping the same, control meaning maintain, and that's our
18 position.
19      Thank you, Your Honor.
20           THE COURT:  Thank you.
21           MR. HATCHER:  Mike Hatcher for SynQor again.
22      Your Honor, an inventor is allowed to claim his
23 invention or inventions in different ways in different
24 claims and different patents.
25      In the '021 patent Dr. Schlecht claimed his invention

1   with reference to a substantially uninterrupted flow of
2   power and a control circuit causing it.  He simply did not
3   include the words "fixed duty cycle".  He did not include
4   the word "maintained".
5       The Court should construe the terms that are before it.
6   Here it should not construe control to mean maintain.  The
7   ordinary meaning of control is broader than maintain.  As
8   opposing counsel pointed out, it could be an increase, it
9   could be a reduction, but as long as it's controlling duty
10  cycle such that it meets the words that are actually in the
11  claim, controlling duty cycle such that substantially
12  uninterrupted flow -- such that there is a substantially
13  uninterrupted flow of power through the second winding
14  circuits, the claim language is met.  And the Court simply
15  should not graft on a fixed duty cycle limitation that
16  appears in other claims and not this claim.
17      That's all I have, Your Honor, unless you have any
18  questions.
19          THE COURT:  No.  Thank you.
20          MR. VERHOEVEN:  Your Honor, that's -- we've submitted
21  on the last term means for controlling the duty cycle on the
22  papers, so I think we're done.
23          MR. CASS:  That's correct, Your Honor.  We are done
24  for today.
25          THE COURT:  Excellent.  You guys finished before noon

115

1  just like you said you would.  I appreciate that.
2      All right.  Thanks for your preparation and your
3  presentation, and the Court will have an order out on this
4  within three weeks.  If it's any longer than that, we will
5  let you know in advance, but that's what I'm shooting for.
6  All right.
7           MR. VERHOEVEN:  Thank you, Your Honor.
8           MR. CASS:  Thank you, Your Honor.
9           THE COURT:  Thank you.
10
11
12
13
14
15
16
17
18
19
20  I certify that the foregoing is a correct transcript from
21  the record of proceedings in the above-entitled matter.
22
23  _____        _____
    Jan Mason                              Date
24
25