IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SYNQOR, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 2:11-CV-54-MHS-CMC |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| CISCO SYSTEMS, INC., | § | |
| and VICOR CORPORATION | § | |
| | § | |
| Defendants. | § | |
| | § | |

**CISCO'S REPLY TO ITS OPPOSED MOTION FOR LEAVE TO AMEND ITS
SUPPLEMENTAL INVALIDITY CONTENTIONS**

Cisco put SynQor on notice of its § 112 defenses in its invalidity contentions. It also reserved its right to further clarify its written description, enablement, and indefiniteness arguments based on ongoing discovery. Cisco has diligently pursued discovery on those defenses. Now, consistent with this District's case law, Cisco moves to supplement its invalidity contentions based on information revealed during the recent depositions of the inventor of the patents-in-suit, Dr. Schlecht, and SynQor's claim construction expert, Dr. Leeb.

Contrary to SynQor's arguments, Cisco has shown good cause to amend. SynQor's opposition brief not only invents a new standard for amendments, it also fails to identify any claim construction issue or additional fact discovery that it would require if Cisco's amendments are allowed. Cisco's motion should be granted.[1]

## I. Cisco's Amendment Is Timely.

Despite Cisco's noticing his deposition months ago, SynQor only presented Dr. Schlecht for deposition five days before the December 17 *Markman* hearing. Thus, only last month did Dr. Schlecht admit that, if the claims are as broad as SynQor now asserts, the specifications fail to describe or enable the full scope of the asserted claims. Cisco provided notice of its intent to move to amend a mere seven days after this testimony.

Contrary to SynQor's claim, nowhere in any of its initial or four supplemental infringement contentions did SynQor put Cisco on notice that its infringement theory required analysis of the accused converter's "intended operating range," a customer's intended use of that product, or "deposition testimony" about the operation of the converter. (Dkt. No. 302 at 1-2.) Rather, SynQor's novel interpretation of the scope of its patents was only revealed during the recent depositions of Drs. Schlecht and Leeb. As a result, Cisco could not have supplemented its

---

[1] In the interests of judicial economy, Vicor filed a joinder to Cisco's Motion to Amend rather than filing a separate motion. Because the facts and arguments supporting Vicor's amendment are the same, it is Defendants' view that separate briefing would be unnecessarily cumulative and unduly burdensome to the Court and the parties. For the reasons set forth herein, Vicor should also be permitted leave to amend their invalidity contentions.

1

Invalidity Contentions with these newly-discovered bases before those depositions.

Ironically, though it is SynQor that is seeking to expand the scope of its claims, SynQor is also seeking to preclude Cisco from addressing the expanded scope of SynQor's claims in its invalidity contentions.[2] Cisco is the party that has abided by the Local Rules and moved to amend to more fully assert its previously identified invalidity contentions, based on information only revealed during the recent depositions of Drs. Schlecht and Leeb.

SynQor utterly fails to address—much less distinguish—this case from the cases in this District finding good cause and granting defendants' motions to amend invalidity contentions to more fully assert defenses based on inventor deposition testimony. (Dkt. No. 302 at 9-10.) Cisco's proposed amendment adds no new prior art references. It is based upon recently-discovered information. And it only clarifies previously noticed § 112 defenses. These cases indisputably support Cisco's proposed supplemental contentions here.

## II.     The Contentions Cisco Seeks to Include are Important to Cisco's Defense.

SynQor improperly changes the second element of the "good cause" standard from showing "the importance of the thing that would be excluded" to showing lack of futility—in other words, likelihood of success on the merits. (Dkt. No. 315 at 6.) As SynQor admits, Cisco need only establish "the importance of the amendment sought." (*Id.*)

Critically, SynQor does not contest that Cisco's supplemental invalidity contentions are highly relevant to the merits of Cisco's defense here. Denying Cisco the opportunity to challenge the validity of the patents (and have a decision rendered on the merits) as the result of this recently discovered information (which was solely in SynQor's custody and control) would unfairly prejudice Cisco's ability to defend against SynQor's allegations. Further, there is an

---

[2] SynQor has never moved to amend its contentions to include its apparently new infringement arguments implicating an analysis of "deposition testimony," the accused converter's "intended operating range," or a customer's intended use of that product. At a minimum, SynQor should be precluded from relying on evidence concerning "intended operating range" or a customer's intended use to prove infringement.

important public interest in not having invalid patents tie up the marketplace. *See Lear, Inc. v. Adkins*, 395 U.S. 653, 657 (1969).

SynQor also argues the merits of Cisco's § 112 defenses, and, in so doing, improperly invites this Court to turn Cisco's motion for leave to amend its invalidity contentions into a motion for summary judgment—but Cisco is not (yet) seeking summary judgment of lack of written description or enablement, or indefiniteness. It is simply seeking leave to amend.

But in any event, on the merits, SynQor's arguments are wrong. Specifically, SynQor contends that its asserted patents are sufficiently described because they claim a non-regulating isolation stage or converter. (Dkt. No. 315 at 6-7.) Yet SynQor also asserts that its claims are broad enough to cover converters that allegedly have *two* modes of operation—both non-regulating and regulating stages. (Dkt. No. 302 at 3-4; Dkt. No. 315 at 3-4.) This highlights the claim breadth issue: if SynQor is correct that the asserted claims are broad enough to encompass a converter with a non-regulating mode of operation *and* a regulating mode of operation, then the claims are invalid for lack of written description and enablement. The Common Specification does not disclose—much less describe and enable—a dual-mode converter.

Moreover, as explained in Cisco's motion (at 4, 8), Dr. Schlecht recently admitted that nothing in the patents describes a dual-mode converter. Indisputably, there is no mention of a converter with a non-regulating *and* a regulating mode of operation in any of the asserted patents. This testimony is bolstered by Dr. Schlecht's admission to the Patent Office that the asserted patents do not disclose a converter with "two claimed modes of operation, specifically a non-regulated mode of operation over a portion of the operating range" and "a regulated mode of operation over another portion of the operating range." (Dkt. No. 302-7, '261 File History, May 11, 2010 Amendment, at 7.) SynQor's attempt to distinguish this statement by stating that it is

3

"not inconsistent with SynQor's infringement contentions" is simply an improper attempt to conflate infringement with the separate issue of invalidity. (Dkt. No. 315 at 7, n.6.)

The asserted patents do not disclose the full scope of the invention, much less enable it. To the extent Dr. Schlecht did not mislead the Patent Office when said that the claimed invention in the '261 patent (a converter with two modes of operation) was novel and not obvious in 2006, there can be little dispute that the asserted patents did not teach a person of ordinary skill in the art to make and use such a converter in 1997.

SynQor's attempt to dismiss Cisco's indefiniteness arguments as legally incorrect are belied by Drs. Schlecht's and Leeb's recent testimony that infringement must be assessed not only by structural elements, but also the customer's intended end use of the accused apparatus. SynQor's opposition further makes clear that it believes infringement is not based on the accused product, but "the end product in question" or "how the end product is configured." (*Id.* at 7.) If this is true, the claims do not satisfy § 112. If Drs. Schlecht and Leeb are correct that a person of ordinary skill in the art cannot assess infringement, or know the metes and bounds of the asserted claims by reviewing the accused product against claims and the specification, the claims are indefinite. *See IPXL Holdings LLC v. Amazon.com, Inc.*, 439 F.3d 1377, 1384 (Fed. Cir. 2005).

### III.     SynQor is Not Prejudiced by Cisco's Supplementation

SynQor's argument that it would have raised and resolved these issues during claim construction is a red herring. Setting aside that SynQor only presented Dr. Schlecht for deposition 5 days before the *Markman* hearing, SynQor fails to proffer any issue of claim construction that would have arisen had Cisco been able to move to amend its contentions sooner. The constructions for the terms "regulating" and "non-regulating" are not in dispute. Rather, as with many other terms, the parties agreed to Judge Ward's constructions in the earlier patent case, *SynQor, Inc. v. Artesyn Techs., Inc., et al.*, Case No. 2:07-cv-497.

4

Similarly, SynQor's complaints of prejudice due to the February 20 fact discovery deadline are flatly wrong. As SynQor concedes, Cisco's supplemental § 112 invalidity defenses are based largely on the asserted claims and the patent specifications (as well as the newly disclosed testimony from SynQor's own witnesses). (*See, e.g.*, Dkt. No. 315 at 4.) Notably, SynQor identifies no information it would need or seek through fact discovery in response to Cisco's clarified § 112 invalidity defenses, which ultimately rest on legal issues.

Moreover, any purported prejudice (and SynQor has identified none) is outweighed by the fact that Dr. Schlecht is the inventor of the asserted patents, and is the President, CEO, and Founder of SynQor. SynQor has had knowledge of these issues. Yet, only last month, SynQor presented Dr. Schlecht for deposition, and Dr. Schlecht revealed testimony that supports Cisco's § 112 defenses for the first time in that deposition. Cisco moved to amend within days of that deposition (and on the same date Cisco received Dr. Schlecht's complete deposition transcript).

## IV. A Continuance is Not Necessary.

SynQor effectively admits that a continuance is unnecessary. SynQor's contention that granting Cisco's motion affects judicial resources is baseless. As discussed above, SynQor fails to proffer any claim construction dispute or additional fact discovery implicated here. Moreover, SynQor's assertion that the Court's *Markman* "ruling has triggered the deadlines for expert reports" is simply incorrect. (Dkt. No. 315 at 6.) The Joint Docket Control Order clearly states that opening expert reports are due "30 days after claim construction ruling or March 7, 2014, whichever is later." (Dkt. No. 172.) The Court's issuance of its *Markman* ruling on January 2, 2014, only confirmed that opening expert reports are due on March 7 and rebuttal reports are due on April 7. Since Defendants bear the burden on validity, SynQor will have had more than three months' notice before having to offer an expert opinion on these issues.

Cisco respectfully requests that the Court grant Cisco's motion to amend.

5

Dated: January 21, 2014

Respectfully submitted,

By: /*s/ Louis W. Tompros, with permission by Michael E. Jones*
William F. Lee (*admitted pro hac vice*)
william.lee@wilmerhale.com
Louis W. Tompros (*admitted pro hac vice*)
louis.tompros@wilmerhale.com
Richard A. Goldenberg (*admitted pro hac vice*)
richard.goldenberg@wilmerhale.com
Andrew J. Danford (*admitted pro hac vice*)
andrew.danford@wilmerhale.com
Dana O. Burwell (*admitted pro hac vice*)
dana.burwell@wilmerhale.com
Allison Trzop (*admitted pro hac vice*)
allison.trzop@wilmerhale.com
**WILMER CUTLER PICKERING HALE & DORR**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Andrea Pacelli (*admitted pro hac vice*)
andrea.pacelli@wilmerhale.com
**WILMER CUTLER PICKERING HALE & DORR**
7 World Trade Center
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

Rachel L. Weiner (*admitted pro hac vice*)
Rachel.Weiner@wilmerhale.com
Jonathan Uffelman (*admitted pro hac vice*)
Jonathan.Uffelman@wilmerhale.com
**WILMER CUTLER PICKERING HALE & DORR**
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Douglas M. Kubehl
Texas Bar No. 00796909
Email: doug.kubehl@bakerbotts.com
Kurt M. Pankratz

By: /*s/ Linda Brewer, with permission by Michael E. Jones*
Charles Kramer Verhoeven (*pro hac vice*)
charlesverhoeven@quinnemanuel.com
Linda J. Brewer (*pro hac vice*)
lindabrewer@quinnemanuel.com
Kathy K. Peng (*pro hac vice*)
kathypeng@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: 415-875-6700
Facsimile: 415-875-6700

David A. Nelson (*pro hac vice*)
davenelson@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
500 West Madison Street, Ste 2450
Chicago, IL 60661
Telephone: 312-705-7465
Facsimile: 312-705-7401

Robert E. Hillman (*pro hac vice*),
hillman@fr.com
Lawrence K. Kolodney (*pro hac vice*),
kolodney@fr.com
**FISH & RICHARDSON P.C.**
One Marina Park Drive
Boston, MA 02210-1878
Telephone: 617-542-5070
Facsimile: 617-542-8906

Stephen A. Marshall (*pro hac vice*),
smarshall@fr.com
**FISH & RICHARDSON P.C.**
1425 K Street, NW
Suite 1100
Washington, DC 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

David A. Gerasimow (*pro hac vice*),
gerasimow@fr.com

| | |
|---|---|
| Texas Bar No. 24013291<br>Email: kurt.pankratz@bakerbotts.com<br>Christa J. Brown-Sanford<br>Texas Bar No. 24045574<br>christa.sanford@bakerbotts.com<br>R. Scott McClelland<br>Texas Bar No. 24074677<br>scott.mcclelland@bakerbotts.com<br>**BAKER BOTTS, L.L.P.**<br>2001 Ross Avenue<br>Dallas, TX 75201<br>Telephone:  (214) 953-6500<br>Facsimile:  (214) 953-6503<br><br>Michael E. Jones<br>Texas Bar No. 10929400<br>mikejones@potterminton.com<br>Allen F. Gardner<br>Texas Bar No. 24043679<br>allengardner@potterminton.com<br>**POTTER MINTON**<br>**A PROFESSIONAL CORPORATION**<br>110 N. College Avenue, Suite 500<br>Tyler, TX 75702<br>Telephone: (903) 597-8311<br>Facsimile: (903) 593-0846 | **FISH & RICHARDSON P.C.**<br>3200 RBC Plaza, 60 South 6th St.<br>Minneapolis, MN 55402<br>Telephone: 612-335-5070<br>Facsimile: 612-288-9696<br><br>Eric H. Findlay, Texas Bar No. 00789886<br>efindlay@findlaycraft.com<br>**FINDLAY CRAFT, LLP**<br>6760 Old Jacksonville Highway, Suite 101<br>Tyler, TX 75703<br>Telephone: (903) 534-1100<br>Facsimile: (903) 534-1137<br><br>*Attorneys for Defendant Vicor Corporation* |

*Attorneys for Defendant Cisco Systems, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 21, 2014.

                                                         */s/ Michael E. Jones*